1
2
3            UNITED STATES DISTRICT COURT
4                   DISTRICT OF NEVADA
5                          * * *
6    MICHAEL D. BRYANT,                    Case No. 3:20-cv-00187-MMD-WGC
7                           Plaintiff,                ORDER
8         v.
9    NORTHERN NEVADA CORRECTION
     CENTER CULINARY, *et al.*,
10                          Defendants.
11

12        Plaintiff Michael D. Bryant, an incarcerated individual, initiated this action as a *pro*
13   *se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) The Court dismissed
14   the action without prejudice based on Plaintiff's failure to timely file an application to
15   proceed *in forma pauperis* or pay the filing fee. (ECF No. 4.) Plaintiff subsequently filed an
16   application to proceed *in forma pauperis* (ECF No. 6), which the Court denied as moot
17   because the case was already closed. (ECF No. 8.) In the Court's order denying the
18   motion to proceed *in forma pauperis*, the Court explained that Plaintiff's case had been
19   dismissed without prejudice and that Plaintiff could pursue his claims in a new case by
20   filing a complaint and an application to proceed *in forma pauperis* in a new action. (*Id.*)

21        Plaintiff has now filed a new complaint and refiled his previous complaint and
22   application to proceed *in forma pauperis* in this case. (ECF Nos. 9, 9-1, 9-2.) It appears
23   that Plaintiff intended to initiate a new action, but he included this action's case number
24   with his new complaint.[1] As a result, Plaintiff's documents were filed in this case, rather
25   ///

26        [1]Plaintiff did not request that the Court set aside its judgment or provide any
     explanation for his failure to timely file his application to proceed *in forma pauperis*. Even
27   if the Court could liberally construe Plaintiff's filings to constitute a motion to relieve him
     from the Court's final judgment due to excusable neglect, without any explanation for the
28   delay Plaintiff does not meet the *Pioneer* factors. *See Pioneer Invs. Servs. Co. v.*

than initiating a new action. The Court reiterates that this case is closed. Plaintiff may pursue his claims in a new action by filing a complaint and an application to proceed *in forma pauperis* in a new action. If Plaintiff wishes to initiate a new action, he should not include the case number from this case with his new complaint or his application to proceed *in forma pauperis.*

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 9-2) is denied as moot.

It is further ordered that the Clerk of the Court send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original and newly filed complaints (ECF Nos. 1-1, 9). The Clerk will also send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, the document entitled information and instructions for filing an *in forma pauperis* application, and a copy of his motion to proceed *in forma pauperis* (ECF No. 6).

DATED THIS 24th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

_____
*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (outlining the four-factor test for determining excusable neglect).

2